George A. LIBERA, Respondent,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY,**
Appellant.

No. C5–86–993.

Court of Appeals of Minnesota.

Oct. 28, 1986.

Charles P. Steinbauer, Brainerd, for respondent.

Richard V. Wicka, Burlington Northern R. Co., St. Paul, for appellant.

Heard, considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

PARKER, Judge.

This appeal is from a judgment of dismissal. Burlington Northern moved for costs, disbursements, attorney's fees and witness fees pursuant to Minn.Stat. § 549.21. The motion was denied, and Burlington Northern appeals. We affirm.

## FACTS

George Libera is employed as a clerk by Burlington Northern Railroad in Brainerd, Minnesota. On May 16, 1985, Libera telephoned his supervisor to report that he would be absent from work that day due to illness. The supervisor told him that he would have to furnish a physician's statement validating the claim. It is unclear whether he told Libera that this was required under the labor union agreement in order to receive sick pay. Following these instructions, Libera consulted a doctor and obtained a certificate which read, "George should be excused from work for 5–16–85." Libera subsequently received sick pay for the day and asked Burlington Northern to reimburse him for the $19 that he paid the doctor.

When Burlington Northern refused, Libera sued for the $19, citing Minn.Stat. § 181.61 (1984), which reads in pertinent part:

> It is unlawful for any employer to require any employee * * * to pay the cost of a medical examination * * * required by the employer as a condition of employment, except certificates of attending physicians in connection with the administration of an employee's pension and disability benefit plan * * *.

Upon receipt of the complaint, Burlington Northern wrote Libera's attorney asking him to dismiss the complaint and citing the Railway Labor Act and an appeal opinion from the Tenth Judicial District as authority for its position.

Libera refused to dismiss the claim unless he received his filing costs. Consequently, Burlington Northern served its answer together with notice of intent to claim an award of costs, disbursements, attorney's fees and witness fees pursuant to Minn.Stat. § 549.21.

Libera's attorney subsequently sent Burlington Northern a stipulation of dismissal,

stating that Libera did not wish to pursue the case any further. Burlington Northern agreed to dismiss the case only if Libera would pay a percentage of the costs incurred in preparing its defense. Libera refused, and the case went to trial.

Upon Libera's motion, the judge dismissed the case with prejudice and denied Burlington Northern's motion for costs and attorney's fees under Minn.Stat. § 549.21 because Burlington Northern "failed to demonstrate that plaintiff knew his claim to be frivolous, unfounded or a fraud."

## ISSUE

Did the trial court abuse its discretion in denying Burlington Northern's motion for costs, disbursements, attorney's fees and witness fees pursuant to Minn.Stat. § 549.-21?

## DISCUSSION

Burlington Northern appeals the denial of attorney's fees under Minn.Stat. § 549.-21 (1984), which provides:

> Upon motion of a party, the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom [the costs] are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court. * * *

■ At oral argument Burlington Northern argued that the trial court improperly allocated the burden of proof when it required Burlington Northern to prove that Libera's attorney knowingly asserted a frivolous claim. As basis for this contention, it argues that § 549.21 should be interpreted as incorporating Minn.R.Civ.P. 11, whereby an attorney's signature on a pleading, motion or other paper constitutes his certification that (1) he has read the document; (2) to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good-

faith argument for the extension, modification, or reversal of existing law; and (3) it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

Thus, Burlington Northern would have it that, under § 549.21, the attorney who signs a pleading has the burden of proving that he had reason to believe the claim or defense asserted was meritorious.

We disagree, finding fundamental differences between § 549.21 and Rule 11. The statute is narrower, requiring that the assertion of a frivolous claim be "knowing." Under Rule 11, on the other hand, once an attorney signs a document, the "knowing" element is established and the only remaining issue is whether the claim is frivolous.

The statute vests discretion to impose sanctions in the trial court, unlike Rule 11, which provides that if a court document is signed in violation of the rule, the court "*shall* impose * * * an appropriate sanction * * *." Minn.R.Civ.P. 11 (emphasis added).

We hold that the burden of proving the knowing assertion of a frivolous claim under Minn.Stat. § 549.21 remains with the party invoking it.

■ As proof that Libera knowingly asserted a frivolous claim, Burlington Northern points to the fact that, upon receipt of the complaint, it cited Libera to two authorities in support of its position that the complaint failed to state a cause of action. However, the first, an unpublished decision by a three-judge appeals panel of the Tenth Judicial District, is not binding authority. The Railway Labor Act, also cited, should have shown Libera's counsel that there was no cause of action, but he did not consult it. Such failure does not, however, constitute a knowing assertion of a frivolous claim.

We hold that the trial court acted within its discretion when it found that Burlington Northern had not met its burden of proving

the knowing assertion of a frivolous claim under Minn.Stat. § 549.21.

Burlington Northern also contends that the trial court violated Rule 11 itself when it denied its motion for attorney's fees. However, we do not reach this issue; this argument was not brought before the trial court and cannot be considered for the first time on appeal. *Morton v. Board of Commissioners,* 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974).

## DECISION

Affirmed.